**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Raatz, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>Dealer Trade Incorporated, et al.,<br><br>           Defendants. | No. CV-16-00170-PHX-DGC<br><br>**ORDER** |

Defendant Pinnacle Nissan, LLC moves for summary judgment against Plaintiffs Tom Raatz, Marcine Raatz, and TMR, LLC pursuant to Federal Rule of Civil Procedure 56.  Doc. 66.  The motion is fully briefed (Docs. 82, 84), and no party requests oral argument.  The Court will grant the motion.

**I.     Background.**

The facts are undisputed.  On May 28, 2015, Pinnacle purchased a 2010 Infinity QX56, VIN 5N3ZA0NEXAN900968 (the "Vehicle"), at the Manheim automobile auction for $26,500.00.  Doc. 67, ¶ 1; Doc. 83 at 2.[1]  Pinnacle, an automobile retailer, purchased the Vehicle with the intent to resell it.  Doc. 67, ¶ 2.  The Vehicle was placed in the Manheim auction by True Credit Auto Wholesale.  *Id.*, ¶ 3.  At the time Pinnacle

---

[1] Citations to paragraphs in the parties' statements of fact refer to both the paragraphs and any responses included immediately thereunder.  Citations to page numbers refer to numbers attached at the top of the pages by the Court's CMECF system, not page numbers of the original document.

purchased the Vehicle, its odometer registered 35,497 miles, as reflected on the secured odometer statement Pinnacle received. *Id.*, ¶ 4. In addition to the Vehicle, Pinnacle purchased "Deal Shield" from Manheim for an extra $150. *Id.*, ¶ 5. Under "Deal Shield," Pinnacle retained the right to return the Vehicle for any reason within 21 days of purchase for a full refund, provided the Vehicle's mileage did not exceed 35,747 miles. *Id.*, ¶ 6; Doc. 67-1 at 11.

On June 9, 2015, Pinnacle exercised its right under Deal Shield and returned the Vehicle. Doc. 67, ¶ 7. Manheim issued Pinnacle a full refund, and Pinnacle supplied a secured odometer statement registering 35,578 miles to Meridian Remarketing, an affiliate of Manheim that took title to the Vehicle. *Id.*, ¶¶ 8-9. On June 25, 2015, Meridian sold the Vehicle to Dealer Trade, Inc. d/b/a Luxury Motorsports ("Dealer Trade"). *Id.*, ¶ 10. At that time, the Vehicle's odometer registered 35,580 miles according to the secure odometer statement provided by Meridian to Dealer Trade. *Id.* In late August or early September 2015, Dealer Trade sold the Vehicle to Plaintiffs and supplied a secured odometer statement showing the Vehicle's odometer registered 35,648 miles. *Id.*, ¶¶ 11-12. After completing the purchase, Plaintiffs took the Vehicle to Willis Infinity Dealership in Iowa, where they allegedly learned that the Vehicle actually had more than 46,731 miles. *Id.*, ¶ 13; Doc. 1 at 3; Doc. 83-1 at 2, ¶¶ 4-5.[2]

On January 25, 2016, Plaintiffs filed this action against Dealer Trade and Pinnacle, alleging violations of the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 et seq., also known as the Federal Odometer Act ("FOA"). Doc. 1 at 4.

**II. Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

---

[2] Pinnacle objects, as untimely, to Mr. Raatz's affidavit provided as an attachment to the amended response to Pinnacle's statement of facts Doc. 84 at 4. Although untimely, the affidavit was not changed in a material way, and the Court will accept and consider the amended filings in this order.

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.   Analysis.**

The FOA's purposes, as set out by Congress, are "(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers."  49 U.S.C. § 32701(b).  The FOA prohibits odometer tampering with intent to change the mileage registered by the odometer, as well as sale of devices intended to make the odometer register mileage different from the actual mileage driven.  *Id.* § 32702 (1)-(2).  The FOA also imposes disclosure requirements.  *Id.* § 32705(a).  Under regulations that implement the statute, "each transferor shall disclose the mileage in writing on the title" or "on the document being used to reassign the title," and the transferor must certify that "to the best of his knowledge the odometer reading reflects the actual mileage."  *Id.*; 49 C.F.R. § 580.5 (c), (e).  If the transferor knows the odometer to have a calibration error, or to be unreliable, it must also include a statement to that effect.  *Id.*

The FOA creates a private right of action.  "A person that violates this chapter or a regulation prescribed or order issued under this chapter, *with intent to defraud*, is liable for 3 times the actual damages or $10,000, whichever is greater."  *Id.* § 32710(a) (emphasis added); *see also Bodine v. Graco, Inc.*, 533 F.3d 1145, 1147 (9th Cir. 2008) ("[A]n [FOA] claim that is brought by a private party . . . requires proof that the vehicle's

- 3 -

transferor intended to defraud a transferee with respect to mileage.").

The key question in this motion is whether Plaintiffs have enough evidence to create a question of fact on whether Pinnacle acted with an "intent to defraud" as required by the statute. The parties cite no decision from the Ninth Circuit on the meaning of "intent to defraud," but, as Plaintiffs note, courts applying the FOA have not read the statute as requiring a specific intent to defraud the transferee of a vehicle. Instead, cases generally have held that a sufficient intent to defraud may be inferred if the defendant acted with reckless disregard for the truth. As one circuit explained:

> The approach taken by the great majority of courts is sensible. If a person violates an odometer disclosure requirement with actual knowledge that he is committing a violation, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. Likewise, if a person lacks knowledge that an odometer disclosure statement is false only because he displays a reckless disregard for the truth, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. The inference of an intent to defraud is no less compelling when a person lacks actual knowledge of a false odometer statement only by closing his eyes to the truth.

*Tusa v. Omaha Auto. Auction Inc.*, 712 F.2d 1248, 1253-54 (8th Cir. 1983) (quotation marks, brackets, and citation omitted).

Plaintiffs rely on this legal standard in arguing that the summary judgment motion should be denied, but they present only two pieces of evidence in support of their claim that Pinnacle acted with reckless disregard for the truth. First, Plaintiffs note that Pinnacle returned the Vehicle under the Deal Shield after only 11 days and without explanation. They argue that a jury could reasonably infer that Pinnacle did so because it discovered that the odometer mileage was incorrect. Doc. 82 at 9. Second, Plaintiffs assert that an Infinity dealership in Iowa discovered from the Vehicle's service records that it had almost 50,000 miles in 2011, and argue – with no additional evidence – that Pinnacle could have discovered the same information through reasonable diligence. *Id.*

The Court does not agree that this evidence would be sufficient for a reasonable jury to return a verdict for Plaintiffs. *Anderson*, 477 U.S. at 248. Notably, Plaintiffs did not seek additional discovery before responding to the Pinnacle's motion, as they could have under Rule 56(d). Plaintiffs instead chose to stand on the evidence addressed in their response. That evidence includes no indication that Pinnacle had any reason to suspect that the odometer reading in the Vehicle it held for only 11 days was incorrect. Plaintiffs cite nothing from Pinnacle witnesses or records to suggest that something or someone put Pinnacle on notice that the odometer was incorrect. They provide no evidence that Pinnacle performed maintenance on the Vehicle or had access to the same maintenance records that were found by the Iowa dealer. Nor do they present evidence that dealers normally do or should check odometer readings against maintenance records upon acquiring vehicles. Recklessness is defined as "[c]onduct whereby the actor does not desire harmful consequence but nonetheless foresees the possibility and consciously takes the risk." Black's Law Dictionary (10th ed. 2014). Plaintiffs present no evidence that Pinnacle foresaw the possibility that the odometer was wrong and nonetheless chose to take that risk.

Cases cited by the parties generally include some fact that put the transferor of a vehicle on notice that the odometer was wrong. In *Tusa*, for example, the title itself included erasure marks showing that the mileage amount had been altered. The court described these marks as "clear and apparent." 712 F.2d at 1254. Despite this fact, the dealer undertook only superficial efforts in reporting the mileage to the transferee. *Id.* Other cases include similar facts. *See, e.g.*, *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1282-83 (10th Cir. 1998) (plaintiff presented evidence that the dealer performed an inspection of the vehicle in question and found several inconsistencies that the dealer then recklessly ignored); *Nieto v. Pierce*, 578 F.2d 640 (5th Cir. 1978) (dealer failed to investigate the odometer reading of a 10-year-old truck with only 14,736 miles); *Alexander v. Southeastern Wholesale Corp.*, 2014 WL 1165844 at *5 (E.D. Va. Mar. 21, 2014) (dealer provided plaintiff with a false odometer disclosure despite having requested

and received a CARFAX vehicle history report displaying inconsistent information as to the vehicle's age and mileage); *Hall v. Riverside Lincoln Mercury-Sales*, 499 N.E.2d 156 (Ill. App. Ct. 1986) (service documents found in the car by the dealer had conflicting higher-mileage odometer readings). Plaintiffs have presented no comparable evidence in this case.

Nor could a reasonable jury find that Pinnacle acted with intent to defraud simply because it returned the Vehicle for a refund after 11 days. A jury could not find such a return, by itself, so suspicious as to suggest a fraudulent intent to hide an incorrect odometer. To the contrary, it is undisputed that Pinnacle purchased Deal Shield when it purchased the Vehicle and precisely so that it could return the Vehicle for a full refund within 21 days. Pinnacle asserts that Deal Shield "affords the dealership flexibility to purchase vehicles at the auction, while simultaneously evaluating whether a surplus of similar inventory exists that would limit the prospects of selling it for a profit," and "allows the dealership the chance to purchase automobiles throughout the course of the auction, and upon its conclusion, return those it deems are less likely to sell." Doc. 84 at 3.

In summary, Plaintiffs have failed to present sufficient evidence to create a genuine issue of fact on whether Pinnacle acted in reckless disregard of the truth when it stated the mileage of the Vehicle. Plaintiffs have presented no evidence that Pinnacle acted fraudulently, or had reason to know that the mileage was incorrect and proceeded in reckless disregard of that fact. As noted above, summary judgment is appropriate against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Because Plaintiffs have failed to present such evidence, the Court will grant Pinnacle's motion for summary judgment.

1 **IT IS ORDERED** that Pinnacle's motion for summary judgement (Doc. 66) is **granted**.

Dated this 6th day of January, 2017.

_____
David G. Campbell
United States District Judge