**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pinnacle Nissan, LLC, | No. CV16-0170-PHX DGC |
|     Third-Party Plaintiff/Cross Defendant, | **ORDER** |
| v. | |
| Manheim Phoenix, dba Manheim Remarketing, Inc. and Marcos Vidal Lopez, True Credit Auto. | |
|     Third-Party Defendants/Cross-Defendant. | |

The Court previously granted default judgment in favor of Defendant and third-party Plaintiff Pinnacle Nissan, LLC, and against third-party Defendants Marcos Vidal Lopez and True Credit Auto Wholesale. Doc. 96. The judgment was for common law indemnity. Docs. 75, 96. The Court directed Pinnacle to file a memorandum on the amount of damages to be awarded, and Pinnacle has done so. Doc. 108. The third-party Defendants have not appeared or opposed the memorandum, and Pinnacle has not requested oral argument.

**I.     Background.**

Plaintiffs Tom and Marcine Raatz sued Pinnacle, True Credit, and others for breach of contract and violations of the Federal Motor Vehicle Information and Cost Savings Act, also known as the Federal Odometer Act, 49 U.S.C. § 32701, alleging that Tom Raatz purchased a vehicle with an altered odometer reading. *Id.*, ¶ 1. The vehicle at

issue had the following history: True Credit, through its principal and agent, Lopez (Doc. 108 at 3), placed the vehicle in an auction, Pinnacle purchased the vehicle in the auction and then returned it (*id.* at 2), another dealer then purchased the vehicle from the auction and sold it to Tom Raatz (*id.*). Pinnacle asserted third-party claims against Lopez and cross-claims against True Credit. Doc. 34.

## II.     Legal Standard.

The damages Pinnacle seeks to recover from Lopez and True Credit are attorneys' fees Pinnacle has incurred in this litigation. "In Arizona, courts generally do not construe 'damages' to include attorneys' fees." *City Ctr. Exec. Plaza, LLC v. Jantzen,* 344 P.3d 339, 343 (Ariz. Ct. App. 2015). But "[i]t is generally held that where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages." *United States Fid. & Guar. Co. v. Frohmiller*, 227 P.2d 1007, 1009 (Ariz. 1951). "In order to recover attorneys' fees under this principle, the plaintiff must show: (1) that the plaintiff had become involved in a legal dispute either because of a breach of contract by the defendant or because of the defendant's tortious conduct; (2) that the dispute was with a third party not with the defendant; and (3) that the plaintiff incurred attorneys' fees connected with that dispute." *Spanier v. United States Fid. & Guar. Co.*, 623 P.2d 19, 29 (Ariz. Ct. App. 1980).

## III.    Analysis.

Pinnacle requests judgment in the amount of $26,544 for the cost of defending against the Raatzes' claim. To recover attorneys' fees as damages, Pinnacle must show that it became involved in this lawsuit because of the conduct of Lopez and True Credit. *Spanier*, 623 P.2d at 29. Pinnacle purchased the vehicle with the altered odometer from True Credit and Lopez, was sued by the Raatzes as a predecessor in the chain of title, but Lopez and True Credit were the predecessors to Pinnacle. Doc. 96 at 2-3.

Pinnacle cannot recover attorneys' fees incurred in litigating against Lopez and True Credit. *Spanier*, 623 P.2d at 29. The Court subtracts from Pinnacle's requested damages $1,692.50 for 6.9 hours Pinnacle spent litigating against Lopez and True Credit. Doc. 108-1 at 8-10, 13. The Court concludes that Pinnacle may recover attorneys' fees totaling $24,851.50. *Id.* at 6-16. *See Collins v. First Fin. Servs., Inc.*, 815 P.2d 411 (Ariz. Ct. App. 1991) (defendant that incurred attorneys' fees defending against an action permitted to recover the fees from the entity that caused it to be sued).

**IT IS ORDERED** that Plaintiff's motion for default judgment is **granted** in the amount of $24,851.50 against Marcos Vidal Lopez and True Credit Auto Wholesale.

Dated this 17th day of February, 2017.

_____
David G. Campbell
United States District Judge