**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Raatz, et al., | No. CV-16-00170-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Dealer Trade Incorporated, | |
| Defendant. | |

The Court held a bench trial on September 28, 2017. After considering the evidence and arguments of the parties, the Court will rule in favor of Plaintiffs.

## I.    Background.

Plaintiffs purchased a used 2010 Infiniti QX56 from Defendant in August 2015. Defendant represented that the vehicle had 35,648 miles. Plaintiffs paid $33,359.75, consisting of $3,000 down and the rest financed through a credit union.

Plaintiffs drove the vehicle to their home in Iowa and took it to the Willis Infiniti dealership for service. Plaintiffs assert that the dealership informed them that the vehicle was serviced in 2011 and had an odometer reading at that time of more than 46,000 miles. Plaintiffs immediately contacted Defendant, and this disagreement ensued.

## II.    Liability Holding.

The Court held on summary judgment that Defendant gave an express warranty on the mileage of the vehicle, the express warranty was not validly disclaimed in the parties'

contract, and Defendant breached the warranty because the mileage was inaccurate. Doc. 124 at 8. As a result, the trial concerned only Plaintiffs' alleged damages.

Arizona law provides that "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." A.R.S. § 47-2714. The Court held at the start of trial that Plaintiffs could not present evidence of incidental and consequential damages because they failed to disclose them as required by Rule 26(a)(1)(A)(iii) and their failure was not substantially justified or harmless. *See* Rule 37(c)(1).

**III.    Findings of Fact and Conclusions of Law.**

The Court makes the following findings of fact and conclusions of law. The findings are based on the testimony and exhibits presented during the trial, including credibility determinations.

1.      The odometer reading when Plaintiffs purchased the vehicle – 35,648 – was not accurate. Defendant concedes that "[t]he Vehicle has a mileage discrepancy." Doc. 137-1 at 3. The precise amount of the discrepancy is not known, but the Infinity dealer told Plaintiffs in 2015 that the mileage recorded for the vehicle in 2011 was 47,731. Plaintiffs did not attempt to place the dealer's service records in evidence, but this fact was not seriously disputed at trial. Indeed, Defendant's expert confirmed that he had seen the dealer report that the vehicle had 47,731 miles in 2011. Court's Livenote Transcript at 89 (Infinity dealer report "shows there's 47,731 miles"). The Court finds by a preponderance of the evidence that the vehicle had approximately 47,000 miles in 2011, four years before it was purchased by Plaintiffs.

2.      A reasonable estimate of the vehicle's mileage in 2015 is more than 100,000 miles. Plaintiffs' expert testified that 100,000 was a conservative estimate. Defendant's expert suggested that 17,000 miles per year is a reasonable expectation for a vehicle's mileage. *Id.* at 88 ("What we look at is the 17,000 miles a year and if a car has

in excess of 17,000 miles a year that's when we start deducting for mileage. [If it] has less than 17,000 miles per year that's when we start adding a value for mileage."). If Plaintiffs' vehicle was driven 17,000 miles per year between 2011 and 2015, it would have had more than 100,000 miles in 2015 (17,000 x 4 + 47,000 = 115,000).

3.     A 2010 Infinity QX56 with unknown mileage would be worth less than a 2010 Infinity QX56 in comparable condition with 35,648 miles. A 2010 Infinity QX56 with more than 100,000 miles would be worth less than a 2010 Infinity QX56 in comparable condition with 35,648 miles. As a result, when purchased in 2015, Plaintiffs' vehicle was worth less than the $33,359.75 they paid for it. Plaintiffs were injured by the breach of warranty.[1]

4.     Although it is true, as Defendant argues, that damages must be proven with reasonable certainty, Arizona law does not require absolute certainty, especially when the fact of injury is clear, as it is here. The Arizona Court of Appeals has explained: "Once the right to damages is established, uncertainty as to the amount of damages does not preclude recovery." *Felder v. Physiotherapy Assoc.*, 158 P.3d 877, 885 (Ariz. Ct. App. 2007) (citation omitted). The rationale is straightforward:

> This is simply a recognition that doubts as to the extent of the injury should be resolved in favor of the innocent plaintiff and against the wrongdoer. But it cannot dispel the requirement that the plaintiff's evidence provide some basis for estimating his loss. This court stated in *McNutt Oil & Refining Co. v. D'Ascoli*, 79 Ariz. 28, 281 P.2d 966 (1955), that "conjecture or speculation" cannot provide the basis for an award of damages, and said in *Martin v. LaFon*, [55 Ariz. 196, 100 P.2d 182 (1940)] that the evidence must make "an approximately accurate estimate" possible.

*Id.* (quoting *Gilmore v. Cohen*, 386 P.2d 81, 82 (Ariz. 1963)). "The evidence required will depend on the individual circumstances of each case and, although absolute certainty

---

[1] Defendant's expert testified that higher mileage does not necessarily mean a lower price, but the three examples he provided – a 1969 Corvette, a 1969 Firebird, and a 1969 Rolls Royce – are not comparable to this case. All of those vehicles are prized by collectors; their market value is driven by considerations unlike typical auto purchases.

1  is not required, the jury must be guided by some rational standard." *Id.* (citation

2  omitted). *Felder* was a tort case, but the decision on which it relied, *Gilmore*, was a

3  breach of contract case. Applying this law, the Court concludes that because Plaintiffs

4  have been injured, they must only provide evidence that makes an "approximately

5  accurate estimate" of damages possible. The Court finds that Plaintiffs have provided

6  such evidence, and that doubts as to the extent of injury should be resolved in their favor.

7       5.     Plaintiffs' expert, Robert Isham, testified that the value of Plaintiffs'

8  vehicle with more than 100,000 miles in 2015 was \$16,500. Mr. Isham clearly is

9  qualified to provide an opinion on valuation, but he provided no explanation for how he

10  arrived at this number, weakening the persuasive force of this testimony.

11       6.     But Plaintiff Tom Raatz also testified. As the owner of the vehicle, he is

12  competent to testify about its value. Indeed, Arizona courts have recognized this rule in

13  cases of this type. *See Sarwark Motor Sales, Inc. v. Husband*, 426 P.2d 404, 407 (Ariz.

14  1967) ("The plaintiff, as the owner, testified as to the difference in value as of the date of

15  purchase if the car had been driven only 22,836 miles as against the same car if it had

16  been driven 86,000 miles. As an owner he was qualified to so testify."). This rule has

17  been recognized in other cases as well. *See Traynor v. Workhorse Custom Chassis, Inc.*,

18  No. CV-03-2082-PHX-DGC, 2006 WL 1080690, at *2 (D. Ariz. Apr. 24, 2006)

19  (recognizing "the rule in numerous cases that the owner of personal property is

20  competent to testify concerning its value"); *Town of Paradise Valley v. Laughlin*, 851

21  P.2d 109, 111 (Ariz. Ct. App. 1993) ("An owner may always testify as to the value of his

22  property.") (citation omitted).

23       7.     Mr. Raatz testified that he conducted significant research in 2015 before

24  settling on this vehicle. He was searching specifically for an Infinity QX56, as he had

25  owned one in the past. He concluded that the purchase price of this vehicle – \$33,359.75

26  – was reasonable given its mileage of less than 36,000. He noted that QX56s with 60,000

27  to 80,000 miles were selling for \$22,000 to \$24,000 in 2015, and vehicles with more than

28  100,000 miles were selling for even less. Court's Livenote Transcript at 52 ("there were

ones out there that were 60, 70, 80,000 that were going for 22 to 24,000 at that point and then over 100,000 the price would drop even below that"). Mr. Raatz estimated that the value of his vehicle with unknown mileage, but likely more than 100,000 miles, was $16,500 to $17,000 in 2015. He confirmed that this estimate was based on more than the opinion of Mr. Isham.

8.      Defendant's witnesses did not give a value for the vehicle in 2015. They testified that any valuation would be speculative because the actual mileage of the vehicle is not known, but that fact, of course, would always be true in a case of this sort. The Court cannot accept this as a basis for concluding that damages cannot be awarded. As the Arizona Court of Appeals has noted:

> Some cases will simply not be conducive to a high degree of certainty . . . . This does not, however, deprive an injured plaintiff of a remedy. A plaintiff may still claim damages in an amount supported by the best evidence available and the essential consideration is that the jury must be guided by some rational standard.

*Felder*, 158 P.3d at 887-88 (citations omitted).

9.      The Court concludes that Plaintiffs' evidence provides a rational standard for establishing damages in this case, and finds by a preponderance of the evidence that Plaintiffs' vehicle, at the time of purchase in 2015, was worth $16,500. As a result, Plaintiffs are awarded damages of $16,859.75 ($33,359.75 - $16,500).

**IT IS ORDERED:**

1.      Plaintiffs are awarded damages in the amount of $16,859.75.

2.      Plaintiffs shall submit a form of judgment for the Court to consider.

3.      If either party seeks to recover attorney's fees and non-taxable costs, it shall file a fully-supported motion on or before **October 27, 2017**. *See* LRCiv 54.2

Dated this 29th day of September, 2017.

David G. Campbell
United States District Judge